# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

July 23, 2009

By Fax

The Honorable Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Steven A. Zalesin
(212) 336-2110
Direct Fax (212) 336-2111
sazalesin@pbwt.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/09

JUL 23 2009

Re:   **Public Patent Foundation, Inc. v. McNeil-PPC, Inc. (No. 09-CV-5471-RJH)**

Dear Judge Holwell:

      We represent defendant McNeil-PPC, Inc. ("McNeil") in the above referenced action. We write in accordance with Rule 3.A. of the Court's Individual Practices to request a pre-motion conference in connection with McNeil's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which McNeil intends to file in lieu of an answer. McNeil's responsive pleading is due on or before July 27, 2009.

      This case is one of many recent actions brought under 35 U.S.C. § 292 – the false patent marking statute – by patent attorneys seeking to collect a bounty on inventions they did not make, and products they do not sell. Plaintiff Public Patent Foundation, Inc. ("PubPat"), a company formed by patent attorneys, has filed at least three such lawsuits in this District within the past few months. *See Public Patent Foundation, Inc. v. Cumberland Packing Corp.*, No. 1:09-cv-04360-MGC (Sweet'N Low® brand sweetener); *Public Patent Foundation, Inc. v. Iovate Health Sciences Research Inc.*, No. 1:09-cv-04361-SAS (Xenadrine dietary supplements); *Public Patent Foundation, Inc. v. GlaxoSmithKline Consumer Healthcare, L.P.*, No. 1:09-cv-05881-RMB (Citrucel® brand therapy products).

      The impetus for this spate of new litigation is a statutory provision (in existence for decades but, until recently, largely ignored) that purports to give "any person" the right to sue for a violation. The statute provides in relevant part as follows:

> (a) ...Whoever marks upon, or affixes to, or uses in connection with any unpatented article, the word "patent" or any word or number importing the same is patented, for the purposes of

July 23, 2009
Page 2

> decciving the public ... [s]hall be fined not more than $500 for each such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

The essential premise of these lawyer-driven actions is that literally anyone can sue for an alleged infraction, and can share in the statutory penalty of up to $500 for "each offense" – a term that plaintiffs invariably equate with every product (*e.g.*, each box of Tylenol) that includes a purportedly erroneous marking.[1]

This overly-expansive reading of the statute was recently rejected by another court in this District, which held that a plaintiff must allege and prove *injury in fact* in order to satisfy the constitutional requirement of standing to sue. In *Stauffer v. Brooks Brothers, Inc.* 2009 WL 1357954 (S.D.N.Y. May 14, 2009), the plaintiff, a practicing patent attorney, alleged that Brooks Brothers had marked its bow ties with expired patents, and sought to recover $500 for each individual tie so-marked. In a careful and well-reasoned decision, Judge Stein dismissed the complaint on the grounds that the plaintiff had alleged no injury in fact, either to himself or to the public at large. *Stauffer*, 2009 WL 1357954 at *4-5. Without such injury, plaintiff could not satisfy the "irreducible constitutional minimum of standing." *Id.* at *3 (citing *Vermont Agency of Nat'l Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)).

This case is no different. PubPat has not sustained, and has not alleged, any injury in fact. Nor does it allege any injury to the United States or the general public. Accordingly, like the plaintiff in *Stauffer*, "[PubPat] has failed to allege that [McNeil's] conduct has caused an actual or imminent injury in fact to competition, to the United States economy, or to the public that could be assigned to [it] as a *qui tam* plaintiff or be vindicated through the litigation." *Id.* at *5. It "therefore lacks standing to proceed." *Id.*

In addition to its failure to allege injury in fact and thereby establish standing to sue, PubPat's complaint ignores the Supreme Court's recent decisions on Rule 8 pleading requirements and does not allege facts sufficient to set forth a viable claim for relief. A critical element of any claim for false patent marking is an intent to deceive. As the Federal Circuit has made clear, "there can be no violation of § 292 absent [a] showing that the false marking or mismarking was 'for the purpose of deceiving the public.'" *Arcadia Machine & Tool Inc., v. Sturm, Ruger & Co., Inc.*, 786 F.2d 1124, 1125 (Fed. Cir. 1984); *see also D.O.C.C. Inc. v.*

---

[1] In fact, courts have construed the phrase "each offense" to refer to each *decision* to affix an erroneous marking – not to each product that has been mistakenly marked. *Forest Group, Inc. v. Bon Tool Co.*, 2008 WL 2962206, *6 (S.D. Tex. July 29, 2008) ("That single decision constitutes a single offense for purposes of calculating damages under § 292."); *London v. Everett H. Dunbar Corp.*, 179 F. 506, 507 (1st Cir. 1910); *Sadler-Cisar, Inc. v. Commercial Sales Network, Inc.*, 786 F. Supp. 1287, 1296 (N.D. Ohio 1991).

July 23, 2009
Page 3

*Spintech Inc.*, 1994 WL 872025, *17 (S.D.N.Y. Aug. 15, 1994) (holding that "section 292 carries a heavy scienter requirement" and that a § 292 claim is not actionable without proof of deceptive intent). Rather than allege facts that could support such a showing, PubPat's complaint simply parrots the language of the statute and claims that McNeil has violated it. As the Supreme Court has recently emphasized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). PubPat's "complaint does not contain any factual allegation sufficient to plausibly suggest ... [a deceptive] state of mind." *Id.* at 1952. Such pleadings "do not meet the standard necessary to comply with Rule 8" and should be dismissed. *Id.*

PubPat's conclusory allegations of false patent marking are also insufficient to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) for claims of fraud, which are applicable to false marking claims. *Juniper Networks v. Shipley*, 2009 WL 1381873, *4 (N.D. Cal. May 14, 2009). In *Juniper Networks*, the court dismissed plaintiff's complaint for failure to comply with the requirements of Rule 9. The court found that plaintiff's "conclusory allegations that [defendant] 'knew' his reference to the patents was 'false' are [] insufficient to plead an intent to deceive under section 292(a)." *Id.* PubPat's complaint contains nearly identical allegations and is similarly insufficient.

Finally, PubPat's complaint fails to state a claim because 35 U.S.C. § 292 is applicable only to "unpatented article[s]." All of the Tylenol products identified in the complaint were in fact patented in the United States, and at least one of them is covered by a U.S. patent that is still in force. PubPat's gripe is that McNeil failed promptly to remove from its Tylenol packaging references to certain U.S. patents that recently expired. Moreover, all of the products at issue are protected by a foreign patent that remains in effect. Accordingly, they are not "unpatented article[s]" within the meaning of the statute. *See FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp.2d 539, 584 (E.D. Pa. 2005) (marking product with expired U.S. patent does not violate § 292); *Kor-CT, LLC v. Savvier, Inc.*, 344 F. Supp. 2d 847, 857 (D. Conn. 2004) (products covered by foreign patent are not "unpatented"); *Project Strategies Corp. v. Nat'l Comm. Corp.*, 948 F. Supp. 218, 226-27 (E.D.N.Y. 1996) (same); *Keystone Mnfg. Co. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 566 (W.D.N.Y. 2005) ("Section 292 does not differentiate between U.S. and foreign patents").

We are available for a pre-motion conference at the Court's convenience. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Steven A. Zalesin

[Handwritten note: A pre-motion conference shall not be required. Defendant to file its motion by October 5; opposing papers due by November 5. Reply papers due by November 15. SO ORDERED. RJH USDJ 9/1/09]